IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>    *Defendants*. | Case No: 1:25-cv-05993 (DLC)(SN) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Upon consideration of the Proposed Stipulated Protective Order of the parties [Docket No. ___], IT IS HEREBY ORDERED THAT:

**1**   **Definitions.**  As used in this protective order:

(a)   "action" means the above-entitled proceeding: *Wildbird LLC v. Wildride B.V. and Wildride USA Corp.*, Case No. 1:25-cv-05993 (DLC)(SN) and any appeals from it.

(b)   "attorney" means an attorney who is retained specifically for this action and has filed a Notice of Appearance in this action and/or is employed by a law firm that is counsel of record for a party in this action;

(c)   "confidential document" means a document designated as confidential under this protective order;

(d)   to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e)   "document" means information disclosed or produced in discovery, including at a deposition;

(f) "notice" or "notify" means written notice;

(g) "party" means a plaintiff or defendant in this action;

(h) "professional vendor" means any person or entity that provides litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, or copying data in any form or medium, etc.) and its employees and subcontractors; and

(i) "protected document" means a document protected by a privilege or the work-product doctrine.

2  **Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word(s) "confidential" or "attorneys' eyes only."

(c) Deposition testimony may be designated as "confidential" or "attorneys' eyes only":

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying counsel of record for the parties and those who were present at the deposition within 14 days of receipt of a rough deposition transcript.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

173728045v1

**3** **Who May Receive a Confidential Document.**

    (a)    A confidential document may be used only in this action.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or any paralegal, clerical and other assistant employed by such attorney and assigned to this matter;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    any witness who counsel for a party in good faith believes may be called to testify at trial, hearing, or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        (6)    professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this action;

        (7)    mediators and arbitrators, including their employees and staff, that parties retain in connection with this action or that the Court appoints;

        (8)    a party, including officers, directors, and employees of the party, for the sole purpose of assisting in this action, as well as secretarial and clerical employees regularly working with such persons; and

        (9)    any person who is retained by a party to serve as an expert witness or otherwise provide specialized advice in connection with this action,

        provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(c)     A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed, except to:

    (1)     an attorney or any paralegal, clerical and other assistant employed by such attorney and assigned to this matter, provided that such attorney is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party;

    (2)     any person who is retained by a party to serve as an expert witness or otherwise provide specialized advice in connection with this action, provided such person (a) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (b) is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party; (c) is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party;

    (3)     Any other category of person identified in subparagraphs 3(b)(1), (3), (4), (6), or (7); and

    (4)     Any other person with the prior written consent of the producing party.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(e) Prior to the disclosure of any document or information designated as "confidential" to any person referred to in subparagraphs 3(b)(5) and 3(b)(9), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition, hearing, or trial) or at the conclusion of the case, whichever comes first.

4  **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of the Local Rules of this Court.

5  **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within seven days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6  **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with Rule 8 of this Court's Individual Practices in Civil Cases.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the

173728045v1

other party or the non-party so that the other party or the non-party may seek relief from the court.

**7**   **Changing a Confidential Document's Designation.**

(a)   Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)   Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)   Challenging a designation. A party who wishes to challenge a designation shall, at any time prior to the trial of this action, serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection. If the parties cannot reach agreement promptly, counsel for all parties shall address their dispute in accordance with Rule 2.C. of this Court's Individual Practices in Civil Cases. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

**8**   **Handling a Confidential Document after Termination of Litigation.**

(a)   Within 60 days after the termination of this action (including any appeals), each party must:

(1)   return or destroy all confidential documents; and

  (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

 (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.[1]

**9** **Inadvertent Disclosure or Production to a Party of a Protected Document.**

 (a) Notice.

  (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

  (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

 (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10** **Security Precautions and Data Breaches.**

 (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

---

[1] The Parties may draft their stipulation so that it allows retention of other documents as well — for example, correspondence that quotes or describes a confidential document.

7

173728045v1

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11  **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action

12  **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO STIPULATED** by the parties' undersigned counsel.

| Wildbird LLC | Wildride B.V., and Wildride USA Corp. |
|---|---|
| */s/ Jonathan W. Thomas*<br>By: Jonathan W. Thomas<br>    GREENBERG TRAURIG, LLP<br>    One Vanderbilt Avenue<br>    New York, New York 10017<br>    Tel.: 212-801-9219<br>    Email: jonathan.thomas@gtlaw.com | */s/ Leo M. Lichtman*<br>By: Leo M. Lichtman<br>    ESCA LEGAL<br>    Americas Tower<br>    1177 6th Avenue, 5th Floor<br>    New York, New York 10036<br>    Tel.: 347-745-2535<br>    Email: Leo@esca.legal |
| Dated: August 6, 2025 | Dated: August 6, 2025 |

**IT IS SO ORDERED.**

Dated:   August 6    , 2025

_____
The Honorable Denise L. Cote
United States District Judge, S.D.N.Y.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>    *Defendants*. | Case No: 1:25-cv-05993 (DLC)(SN)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those documents and information that have been designated as confidential. I agree that I will not disclose such confidential material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____            _____