UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>    Defendants. | Case No. 1:25-cv-05993 (DLC) |

## DECLARATION OF LEO M. LICHTMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

I, Leo M. Lichtman, declare and state as follows:

1. I am a Partner at ESCA Legal LLC and counsel of record to Defendants Wildride B.V. and Wildride USA Corp. ("Wildride") in this action. This declaration is based upon my personal knowledge of the facts stated herein and my review of the documents and records referenced herein. If called upon to do so, I am able to testify competently to the matters as stated herein.

2. I provide this declaration in opposition to Plaintiff's Motion for Temporary Restraining Order (the "Motion").

3. Attached hereto as Exhibit A is a true and correct copy of a printout of Plaintiff's website, wildbird.co, created by my firm on September 21, 2025.

4. Attached hereto as Exhibit B is a true and correct copy of an email chain between counsel, culminating in an email dated September 8, 2025 sent by Plaintiff's counsel.

5. Attached hereto as Exhibit C is a true and correct copy of a spreadsheet that was produced natively in this lawsuit, and which has been converted to .pdf for purposes of filing with

the Court. It is Bate stamped RIDE000248. It is a compilation of data that my firm pulled from the U.S. Patent and Trademark Office's trademark database, by conducting a search for live registrations and applications for marks that contain the word "wild," and contain either "baby" or "children" in the goods/services description.

6. Attached hereto as Exhibit D is a is a true and correct copies of printouts from webpages with the URLs etsy.com/market/born_to_be_wild_onsie and pinterest.com/ideas/wild-one-onesie/939323156952/, created by my firm on September 21, 2025

7. Attached hereto as Exhibit E is a true and correct copy of documents produced in this lawsuit, Bates Ranges RIDE000520-27 and RIDE000575-582.

8. Attached hereto as Exhibit F is a true and correct copy of documents produced in this lawsuit, Bates Ranges RIDE000512-19, RIDE000528-574, and RIDE000587-94.

9. Attached hereto as Exhibit G is a true and correct copy of a printout from a webpage with the URL pinterest.com/ideas/animal-baby-room/945276021428/, created by my firm on September 21, 2025.

10. Attached hereto as Exhibit H is a true and correct copy of a printout of a product page on shop-thewild.com, created by my firm on September 21, 2025.

11. Attached hereto as Exhibit I is a true and correct copy of excerpts from the rough transcript of Plaintiff's Rule 30(b)(6) deposition, held on September 17, 2025. Because the entire transcript was provisionally designated as HIGHLY CONFIDENTIAL, the excerpts are limited to those that cannot reasonably be argued fall under the protective order because they are based on public information (such as conversations with third-parties at public events or social media posts) or information Plaintiff itself disclosed without any confidentiality designation. Certain other portions are redacted to protect unnecessary disclosure of information. A true and correct copy of

Plaintiff's verified response to Defendants' Interrogatory No. 1, which is what prompted the lines of questioning set forth in the excerpts, is attached as Exhibit J.

12. I understand that Plaintiff purportedly learned, on the evening of September 17, 2025, that Defendants planned to sell WILDRIDE-branded carriers at Target stores in the United States. (ECF No. 38, ¶ 6.).

13. Between September 17, 2025 and the filing of Plaintiff's Motion, I did not receive any communication from Plaintiff's counsel notifying me of this discovery or otherwise asking me to confirm with my clients the veracity of this discovery. In fact, despite emailing Plaintiff's counsel on September 18, 2025, I received no response until after the Motion was filed.

14. Had Plaintiff's counsel contacted me about this alleged discovery, I would have immediately reached out to my clients to confirm (as I did immediately after the Motion was filed). Given that my clients have no plans to sell WILDRIDE-branded carriers at Target stores until March 2026, Plaintiff could have avoided burdening the Court and the parties with this Motion had its counsel communicated with me beforehand.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2025 in Brooklyn, New York.

_____
Leo M. Lichtman