# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD LLC,<br><br>  *Plaintiff*,<br><br>  v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>  *Defendants*. | Civil Action No: 1:25-cv-05993 |

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS'
PRELIMINARY-INJUNCTION RELATED REQUESTS FOR ADMISSION**

Plaintiff Wildbird LLC ("Plaintiff"), by and through its undersigned counsel, hereby responds to Defendants Wildride B.V. and Wildride USA Corp.'s (together, "Defendants") First Set of Requests for Requests for Admission to Plaintiff ("Requests") as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are based only upon information presently available to and specifically known by Plaintiff. Facts and evidence now known may be imperfectly understood. Additionally, discovery is continuing in this matter. Accordingly, Plaintiff reserves the right to modify or amend these responses on the basis of subsequently acquired knowledge, information, or understanding. These responses reflect the information that is presently available to Plaintiff as derived from such investigation as was possible prior to the date of these responses. Plaintiff expressly reserves the right to amend, add to, delete from, or otherwise modify or supplement each response, to produce documents, and/or to make such claims and contentions as may be appropriate when Plaintiff has concluded discovery and has ascertained more relevant facts. Except for facts expressly admitted, if any, no incidental or implied admissions are intended or should be construed from any response. The fact that Plaintiff provides a response

to part or all of any Request is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any such Request. Plaintiff's responses are made without waiver of the following rights, and, on the contrary, are intended to preserve and do preserve the following:

(i)     the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information identified in response to the Requests that may arise in any subsequent proceedings in, or trial of, this or any other action;

(ii)    the right to object on any ground to the use of said information identified in response to the Requests in any subsequent proceeding in, or hearing of, this or any other action;

(iii)   the right to object on any ground to the introduction into evidence of information identified in response to the Requests;

(iv)    the right to object on any ground at any time to other discovery involving the information provided; and,

(v)     the right to amend or supplement this response in the event that any information is unintentionally omitted. Inadvertent identification or production of privileged documents or information by Plaintiff is not a waiver of any applicable privilege.

This Preliminary Statement is incorporated into each response set forth below.

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections ("General Objections") to each and every one of the Requests where applicable. The General Objections may or may not be reasserted after each specific Request. The assertion of the same, similar or additional objections to each specific Request, or the failure to assert any additional objection to each specific Request, does not waive or alter the General Objections immediately set forth below:

ACTIVE 714167275v1

1. Plaintiff objects to all definitions, instructions, and Requests that purport to impose any obligations on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure or any applicable local rule or order of the Court.

2. Plaintiff objects to each and every Request to the extent it improperly calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or by any other recognized legal privilege, including because it purports to extend to Plaintiff's attorneys.

3. Plaintiff objects to the definition of "WILDRIDE Mark" in Paragraph Five of the Definitions section of Defendants' First Set of Requests for Admission on the ground that it assumes the "WILDRIDE Mark" is a valid and protectable trademark.

4. Plaintiff objects to each and every Request to the extent that it seeks Plaintiff's confidential, private, or proprietary information. Plaintiff will designate any such information in accordance with the Protective Order in this action.

5. Plaintiff objects to each and every Request to the extent that it seeks confidential, private, or personal information about Plaintiff's customers who are not parties to this case, and without notice to said parties. Plaintiff will designate any such information in accordance with the Protective Order in this action.

6. Plaintiff objects to each and every Request to the extent it seeks information not in Plaintiff's possession, custody, or control.

7. Plaintiff objects to each and every Request to the extent it seeks information already in the possession, custody, or control of, or equally available to, Plaintiff.

8. Plaintiff objects to each and every Request to the extent it is vague, ambiguous, cumulative, overbroad, unduly burdensome, or disproportional to the needs of the case.

9. Plaintiff objects to each and every Request to the extent that the applicable timeframe is vague, ambiguous, or overbroad.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you were not aware of any instance prior to May 2025 in which a potential customer, supplier, or other third party stated that, or questioned whether, Wildbird was affiliated with Wildride, or vice versa.

**RESPONSE:** Plaintiff objects to this request to the extent it insinuates that no confusion existed before the earliest date on which Plaintiff became aware of actual confusion between the parties' respective WILDBIRD and WILDRIDE marks and products.

Admitted.

**REQUEST NO. 2:** Admit that you were not aware of Wildride's use of the WILDRIDE Mark in commerce in the United States prior to May 2025.

**RESPONSE:** Plaintiff admits that, prior to May 2025, it was not aware of Defendants using their WILDRIDE Mark in United States commerce while being physically present in the United States.

**AMENDED RESPONSE:** Plaintiff objects to this Request No. 2 on the ground that the phrase "in commerce in the United States" is ambiguous. Plaintiff understands that, under U.S. trademark law, there are two types of United States commerce, namely: (i) United States interstate commerce (*i.e.*, commerce between States in the United States) and (ii) United States foreign commerce (*i.e.*, commerce between the United States and a foreign nation(s)). Based on this understanding, it is not clear to Plaintiff whether the phrase "in commerce in the United States," as used by Defendants in this Request No. 2, refers to United States interstate commerce or United States foreign commerce. Nonetheless, Plaintiff admits that, prior to May 2025, it was not aware

of Defendants' use of the WILDRIDE Mark in United States interstate commerce; instead, prior to May 2025, Plaintiff was only aware of Defendants' use of the WILDRIDE Mark in United States foreign commerce.  Specifically, prior to May 2025, Plaintiff understood that Defendants shipped a *de minimis* amount of WILDRIDE-branded products into the United States from the Netherlands.  In May 2025, Plaintiff discovered, for the first time, that Defendants were using their WILDRIDE Mark while physically present in the United States.  Plaintiff made this discovery while attending the 2025 ABC Kids Expo in Las Vegas, Nevada, which Plaintiff and Defendants attended from May 21-23, 2025.  Plaintiff subsequently discovered that Defendants had a United-States-specific website; Defendants were meeting with buyers for Nordstrom, which has locations throughout the United States and is one of Plaintiff's retail partners; and Defendants had a physical address in the State of New York.  May 2025 also is when Plaintiff first became aware of Defendants' use of the WILDRIDE Mark creating actual confusion in the United States.

**REQUEST NO. 3:**   Admit that the word "ride" and the word "bird" do not mean the same thing.

**RESPONSE:** Plaintiff interprets this request as referring to the impression that the parties' marks allegedly leave or make on consumers.  Whether consumers believe that the words "ride" and "bird"—whether standing alone and/or when used within the parties' WILDBIRD and WILDRIDE marks—have the same meaning or a different meaning is information that lies with consumers, not Plaintiff.  Accordingly, Plaintiff lacks sufficient knowledge and information to form a belief about the truth or falsity of this Request and, therefore, denies it.

**AMENDED RESPONSE:** Plaintiff objects to this Request No. 3 on the ground that it is not limited to Plaintiff's understanding of the words "ride" and "bird."  Plaintiff also objects to this Request No. 3 on the ground that it seeks irrelevant information.  This action is not about

whether the words "ride" and "bird" have the same or different meanings; rather, this action is about whether Defendants' WILDRIDE mark infringes Plaintiff's WILDBIRD mark. Based on the instances of actual confusion in the record, Plaintiff denies that the words "ride" and "bird" do not mean the same thing when used within the parties' WILDRIDE and WILDBIRD marks and for the parties' products. Nonetheless, Plaintiff admits that, based on its understanding of the words "ride" and "bird," those words—when used standing alone and not used within the parties' WILDBIRD and WILDRIDE marks for the parties' products—do not mean the same thing.

**REQUEST NO. 4:** Admit that you do not possess any consumer surveys, focus group studies, or market research concerning brand recognition of the WILDBIRD Mark or confusion between the WILDBIRD Mark and the WILDRIDE Mark.

**RESPONSE:** Plaintiff objects to this request as impermissibly compound in that it contains at least two (2) discrete subparts, namely, trademark strength and actual confusion, which are separate *Polaroid* factors.

As to the part of the request regarding brand recognition of the WILDBIRD Mark, denied. As to the part of the request regarding actual confusion, admitted.

**REQUEST NO. 5:** Admit that, in the past five (5) years, you have not initiated any formal enforcement actions, including administrative proceeding or civil actions, against a third party for use of the word "WILD" or a similar term, unless that third party also used "BIRD" or some variant thereof.

**RESPONSE:** Plaintiff objects to this request because it exceeds the number of requests permitted under the Court's PI-related Scheduling Order allowing five requests for admission. [ECF 18]. Nonetheless, Plaintiff admits this Request.

Dated: September 3, 2025                    GREENBERG TRAURIG, LLP

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas (JT1016)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9219
Email: jonathan.thomas@gtlaw.com

Molly R. Littman-Johnson (*pro hac vice*)
90 South 7th St., Suite 3500
Minneapolis, Minnesota 55402
Tel:  (612) 259-9669
Fax: (612) 259-9700
Email: Molly.Littman@gtlaw.com

*Attorneys for Plaintiff Wildbird LLC*

ACTIVE 714167275v1

**CERTIFICATE OF SERVICE**

      I hereby certify that, on September 3, 2025, I served a true and correct copy of the foregoing document, titled *Plaintiff's Amended Responses to Defendants' Preliminary-Injunction Related Requests for Admission* via electronic mail, on the following counsel of record for Defendants:

Leo M. Lichtman
James M. Slater
ESCA LEGAL
Leo@esca.legal
James@esca.legal
1177 6th Avenue, 5th Floor
New York, New York 10036

                                      */s/ Jonathan W. Thomas*
                                      Jonathan W. Thomas

                                      *Attorney for Plaintiff*