# Exhibit 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

WILDBIRD LLC,

    *Plaintiff*,

    v.

WILDRIDE B.V., and WILDRIDE USA CORP.,

    *Defendants.*

Civil Action No: 1:25-cv-05993

---

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'**
**PRELIMINARY-INJUNCTION RELATED INTERROGATORIES**

Plaintiff Wildbird LLC ("Plaintiff"), by and through its undersigned counsel, hereby responds to Defendants Wildride B.V. and Wildride USA Corp.'s (together, "Defendants") First Set of Interrogatories ("Interrogatories") as follows:

**<u>PRELIMINARY STATEMENT</u>**

The following responses and objections are based only upon information presently available to and specifically known by Plaintiff. Facts and evidence now known may be imperfectly understood. Additionally, discovery is continuing in this matter. Accordingly, Plaintiff reserves the right to modify or amend these responses on the basis of subsequently acquired knowledge, information, or understanding. These responses reflect the information that is presently available to Plaintiff as derived from such investigation as was possible prior to the date of these responses. Plaintiff expressly reserves the right to amend, add to, delete from, or otherwise modify or supplement each response, to produce documents, and/or to make such claims and contentions as may be appropriate when Plaintiff has concluded discovery and has ascertained more relevant facts. Except for facts expressly admitted, if any, no incidental or implied admissions are intended or should be construed from any response. The fact that Plaintiff provides a response

to part or all of any Interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any such Interrogatory. Plaintiff's responses are made without waiver of the following rights, and, on the contrary, are intended to preserve and do preserve the following:

(i)    the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information identified in response to the Interrogatories that may arise in any subsequent proceedings in, or trial of, this or any other action;

(ii)    the right to object on any ground to the use of said information identified in response to the Interrogatories in any subsequent proceeding in, or hearing of, this or any other action;

(iii)    the right to object on any ground to the introduction into evidence of information identified in response to the Interrogatories;

(iv)    the right to object on any ground at any time to other discovery involving the information provided; and,

(v)    the right to amend or supplement this response in the event that any information is unintentionally omitted. Inadvertent identification or production of privileged documents or information by Plaintiff is not a waiver of any applicable privilege.

This Preliminary Statement is incorporated into each response set forth below.

## **GENERAL OBJECTIONS**

Plaintiff asserts the following general objections ("General Objections") to each and every one of the Interrogatories where applicable. The General Objections may or may not be reasserted after each specific Interrogatory. The assertion of the same, similar or additional objections to each

specific Interrogatory, or the failure to assert any additional objection to each specific Interrogatory, does not waive or alter the General Objections immediately set forth below:

1.    Plaintiff objects to all definitions, instructions, and Interrogatories that purport to impose any obligations on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure or any applicable local rule or order of the Court.

2.    Plaintiff objects to each and every Interrogatory to the extent it improperly calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or by any other recognized legal privilege, including because it purports to extend to Plaintiff's attorneys.

3.    Plaintiff objects to the definition of "WILDRIDE Mark" in Paragraph Five of the Definitions section of Defendants' First Set of Interrogatories on the ground that it assumes the "WILDRIDE Mark" is a valid and protectable trademark.

4.    Plaintiff objects to each and every Interrogatory to the extent that it seeks Plaintiff's confidential, private, or proprietary information. Plaintiff will designate any such information in accordance with the Protective Order in this action.

5.    Plaintiff objects to each and every Interrogatory to the extent that it seeks confidential, private, or personal information about Plaintiff's customers who are not parties to this case, and without notice to said parties. Plaintiff will designate any such information in accordance with the Protective Order in this action.

6.    Plaintiff  objects to each and every Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control.

7.    Plaintiff objects to each and every Interrogatory to the extent it seeks information already in the possession, custody, or control of, or equally available to, Plaintiff.

8.     Plaintiff objects to each and every Interrogatory to the extent it is vague, ambiguous, cumulative, overbroad, unduly burdensome, or disproportional to the needs of the case.

9.     Plaintiff objects to each and every Interrogatory to the extent that the applicable timeframe is vague, ambiguous, or overbroad.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify each instance or communication of alleged confusion between you and Wildride in the past five (5) years, including the date, manner in which the information was shared with you, the names of each person who participated in or has knowledge about the alleged confusion, and a description of the communication.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege or work product doctrine.

Subject to and without waiving its objections, Plaintiff identifies the following:

- May 22, 2025 – ABC Kids Expo – a buyer from Nordstrom asked Plaintiff's representative if Plaintiff's WILDBIRD brand was affiliated with Defendants' WILDRIDE brand.

- May 23, 2025 -  ABC Kids Expo – one supplier said to Plaintiff's representative "oh, yes; I saw your booth" – but they were referring to Defendants' booth.

- May 23, 2025 – ABC Kids Expo - a supplier asked Plaintiff's representative "You are Wildride, yes"?

- June 2025 – Nordstrom brand showcase – at least 4 category leads for Nordstrom stores throughout the U.S. asked Plaintiff's representative if Plaintiff's WILDBIRD brand was affiliated with Defendants' WILDRIDE brand or if Plaintiff's

WILDBIRD brand was the same as Defendants' WILDRIDE brand.

- July 2025 – confusion on social media – prospective consumers "tagged" Plaintiff's Instagram account when posting about Defendants' products.

- August 2025 – in a search for "Wildbird" on Nordstrom's website, Defendants' WILDRIDE-branded baby carrier is the first item to appear.

- August 2025 – additional confusion on social media – prospective consumers "tagged" Plaintiff's Instagram account when posting about Defendants' products.

Plaintiff's search for information and documents is ongoing.

**INTERROGATORY NO. 2:**     Identify the date and manner in which you first became aware of Wildride's existence in the United States and each person who participated in or has knowledge about the discovery.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege or work product doctrine.

Subject to and without waiving its objections, Plaintiff states the following: Plaintiff first became aware of Wildride's physical existence in the United States on or about May 21, 2025, at the ABC Kids Expo in Las Vegas, Nevada. Nate Gunn has knowledge about this discovery.

**INTERROGATORY NO. 3:**     Identify each channel through which you distribute and sell, or intend to distribute and sell, Wildbird's Goods and Services in the United States, including domain names, online storefronts, third-party e-commerce platforms, retailers, wholesale accounts, and social media handles.

**ANSWER:** Plaintiff identifies the following trade channels: (1) Wildbird's website www.wildbird.co; (2) Wildbird's social media pages, including Instagram @wildbird, Facebook @mywildbird, TikTok at @mywildbird; and YouTube at @mywildbird; (3) third-party brick-and-

mortar retailers such as Nordstrom, Target, and boutique baby and children's stores throughout the United States; and (4) third-party e-commerce websites such as Amazon.com, Nordstrom.com, Target.com, Babylist.com, and boutique baby and children's online retail stores. Pursuant to FED. R. CIV. P. 33(d), please also see the document that begins with the Bates Number "WILDBIRD0003376."

**INTERROGATORY NO. 4:**        Identify each and every channel of advertising used to promote the WILDBIRD Goods and Services in the United States, and the total dollar amount spent on each, by year.

**ANSWER:** Wildbird objects to this Interrogatory to the extent it asks for the total dollar amount spent on each channel of advertising as opposed to advertising as a whole. Wildbird also objects to this Interrogatory to the extent it seeks Wildbird's confidential information.

Subject to and without waiving its objections, please see Wildbird's response to Interrogatory No. 3. Pursuant to FED. R. CIV. P. 33(d), please also see the document that begins with the Bates Number "WILDBIRD0003383."

**INTERROGATORY NO. 5:**        Identify the annual revenue earned by you in connection with the sale of Wildbird's Goods and Services, by year, from 2014 to the present.

**ANSWER**: Wildbird objects to this Interrogatory to the extent it seeks Wildbird's confidential information.

Subject to and without waiving its objection, as well as FED. R. CIV. P. 33(d), please see the document that begins with the Bates Number "WILDBIRD0003383."

Dated: August 29, 2025                              GREENBERG TRAURIG, LLP

                                                   _/s/ Jonathan W. Thomas_
                                                   Jonathan W. Thomas (JT1016)
                                                   One Vanderbilt Avenue
                                                   New York, NY 10017
                                                   Telephone: (212) 801-9219
                                                   Email: jonathan.thomas@gtlaw.com

                                                   Molly R. Littman-Johnson (_pro hac vice_)
                                                   90 South 7th St., Suite 3500
                                                   Minneapolis, Minnesota 55402
                                                   Tel:  (612) 259-9669
                                                   Fax: (612) 259-9700
                                                   Email: Molly.Littman@gtlaw.com

                                                   _Attorneys for Plaintiff Wildbird LLC_

**VERIFICATION**

I, Nate Gunn, am the Co-Founder of Wildbird LLC. I have the authority to sign this Verification on Wildbird's behalf. I have read and reviewed these responses to Defendants' First Set of Interrogatories in this lawsuit. To the best of my knowledge, these interrogatory responses are true and correct as of the day they are made.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2025.

Nate Gunn

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 28, 2025, I served a true and correct copy of the foregoing document, titled *Plaintiff's Responses and Objections to Defendants' Preliminary-Injunction Related Interrogatories* via electronic mail, on the following counsel of record for Defendants:

Leo M. Lichtman
James M. Slater
ESCA Legal

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 29, 2025, I served a true and correct copy of the foregoing document, titled *Plaintiff's Responses and Objections to Defendants' Preliminary-Injunction Related Interrogatories* via electronic mail, on the following counsel of record for Defendants:

Leo M. Lichtman

James M. Slater

ESCA LEGAL

Leo@esca.legal

James@esca.legal

1177 6th Avenue, 5th Floor

New York, New York 10036

*/s/ Jonathan W. Thomas*

Jonathan W. Thomas

*Attorney for Plaintiff*