# GT GreenbergTraurig

Molly R. Littman-Johnson
Tel 612.259.9669
Fax 612.677.3101
Molly.Littman@gtlaw.com

*Granted*
*[signature] So Ord.*
*10/14/25*

October 10, 2025

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Wildbird LLC v. Wildride B.V. et al*, No. 1:25-cv-05993 (DLC)

Dear Judge Cote:

We represent Plaintiff Wildbird LLC ("Wildbird") in the above-referenced matter. Wildbird's reply brief in support of its Motion for a Preliminary Injunction is due today (ECF No. 32.) Pursuant to Section 8.B. of Your Honor's Individual Practices in Civil Cases, Wildbird respectfully seeks leave to (1) redact certain portions of its reply brief, with the unredacted versions being filed under seal; and (2) file certain supporting exhibits under seal. In accordance with Section 8.B., Wildbird is filing its complete, redacted reply brief and accompanying exhibits publicly with placeholders for certain exhibits provisionally being filed under seal, and filing the unredacted documents with proposed redactions highlighted, along with certain exhibits electronically under seal.

The Stipulated Protective Order agreed to by the Parties and entered by this Court on August 6, 2025 governs the management of information and documents produced in this action that is designated "Confidential" or "Highly Confidential-Attorneys Eyes Only." (ECF 26.) Pursuant to this Order, both parties have produced confidential information under both designations. The portions of Wildbird's reply brief and the exhibits thereto which Wildbird seeks to file under seal have been designated "Attorneys Eyes Only" as they contain private, highly-sensitive, and proprietary business information, including but not limited to, sales figures, marketing research, advertising spend, confidential business relationships, and expansion plans, which the parties wish to protect. Public disclosure of this information would reasonably impact the parties' respective competitive advantages in the marketplace.

**Greenberg Traurig, LLP | Attorneys at Law**
90 South Seventh Street | Suite 3500 | Minneapolis, Minnesota 55402 | T +1 612.259.9700 | F +1 612.677.3101

Abu Dhabi˙. Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Dubai˙. Fort Lauderdale. Houston. Las Vegas. London˙. Long Island. Los Angeles. Mexico City⁺. Miami. Milan³. Minneapolis. Munich¬. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Riyadh˙. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo˙. Seoul˜. Shanghai. Silicon Valley. Singapore˙. Tallahassee. Tampa. Tel Aviv˙. Tokyo˙. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬A branch of Greenberg Traurig, P.A.; ¬Greenberg Traurig Germany, LLP; ¬Greenberg Traurig Limited; ³A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; ˣGreenberg Traurig Studio Legale Associato; ˙Greenberg Traurig Khalid Al-Thebity Law Firm; ˣGreenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense; ˜Greenberg Traurig LLP Foreign Legal Consultant Office; ˙Greenberg Traurig Singapore LLP; ˙A branch of Greenberg Traurig, P.A., Florida, USA; ˙GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ¬Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

ACTIVE 715428686v1

October 10, 2025
Page 2

Wildbird seeks leave to honor Defendants' request that the transcript and accompanying exhibits for the 30(b)(6) deposition of Defendants be maintained under an "Attorneys Eyes Only" designation. Wildbird further seeks leave to keep confidential such other highly sensitive information – like advertising and sales figures, advertising strategies, and internal advertising records – which is not already publicly available and the disclosure of which could harm the parties' respective businesses. The confidentiality of these matters outweighs the public's interest in their disclosure. Such information is routinely permitted to be filed under seal. *See e.g., O'Connor-Roche v. RBC Capital Mkts.*, No. 22 Civ. 1467 (LLS), 2022 WL 769329, at *1-2 (S.D.N.Y. Mar. 14, 2022) (granting motion to redact relating to financial information pertaining to value of assets, revenue generated, and employee compensations); *Tyson Foods, Inc. v. Keystone Foods Hldgs.*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, *2 (S.D.N.Y. Sept. 20, 2020) (granting motion to seal Tyson's financial income statements, forecasts and projections, customer information including sales broken down by month); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald L.P.*, No. 13 Civ. 1654(RA)(HBP), 2015 WL 429857, at *4-6 (S.D.N.Y. July 15, 2015) (allowing documents containing confidential information regarding business relationship between defendant and "a third-party who is not a party to the action be filed under seal."); *Standard Inv. Chartered, Inc. v. Fin. Indus.*, 347 Fed. App'x. 615, 616-17 (2d Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.")

Accordingly, Wildbird respectfully requests that Your Honor grant this motion and permit it to maintain the redactions and allow those confidential exhibits appended to the declarations to remain under seal.

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

/s/Molly R. Littman-Johnson
Molly R. Littman-Johnson

*Attorney for Plaintiff Wildbird LLC*

Enclosures

cc:   All Counsel of Record