# ESCA.

**Office Address**
Americas Tower
1176 6th Avenue, 5th Floor
New York, NY 10036

**Mailing Address**
208 Lenox Avenue, #211
Westfield, NJ 07023

leo@esca.legal   ●   917-397-1384 x 109

October 15, 2025

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *Wildbird LLC v. Wildride B.V. et al.*, No. 1:25-cv-05993 (DLC)

Dear Judge Cote:

We represent Defendants Wildride B.V. and Wildride USA Corp. (collectively, "Defendants") in the above-referenced matter to respectfully request leave to file a sur-reply to address new evidence raised by Plaintiff for the first time in its reply brief. A copy of the proposed sur-reply brief is filed herewith.

As the Court is aware, Defendants filed their opposition to Plaintiff's motion for preliminary injunction on Friday, October 3, 2025. (ECF No. 48.) Plaintiff filed its reply brief on October 10, 2025. (ECF No. 57.) As part of its reply, Plaintiff provided a supporting declaration of its co-founder, Nate Gunn, who avers that on October 9, Mr. Gunn encountered a sales associate at Nordstrom who purportedly confused Plaintiff and Defendants' marks. (ECF No. 59.) Plaintiff relies on this evidence in reply to argue that actual confusion is continuing, and will continue to increase. (ECF No. 57, at 8.)

Courts in this district have held that sur-replies are permitted where, as here, an opposing party raises evidence or arguments for the first time in a reply. *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) (establishing that sur-replies are appropriate in the exceptional case when either a party's reply raises new issues which are material to the disposition of the question before the court or when the court requests further briefing and orders the submission of additional papers); *see also, e.g., Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, 2025 U.S. Dist. LEXIS 160001, at *5 (S.D.N.Y. Aug. 18, 2025) (permitting sur-reply to respond to "allegedly new arguments or evidence" raised in reply brief); *Ferrie v. DirecTV, LLC*, 2016 U.S. Dist. LEXIS 5081, at *3 n.1 ("When new evidence appears in opposition papers, the non-moving party should seek leave, or may receive the Court's <u>sua sponte</u> permission, to file a sur-reply to address those new issues."); *Stepski v. M/V Norasia Alya*, No. 7:06-cv-01694,, at *4 (S.D.N.Y. Mar. 3, 2010) (finding plaintiffs' reply raised issues for the first time and thereby granting defendants' motion for leave to file a sur-reply addressing these issues); *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.,*, at *17 (S.D.N.Y. Sep. 14, 2012) (granting defendant's

**Office Address**
Americas Tower
1176 6th Avenue, 5th Floor
New York, NY 10036

**Mailing Address**
208 Lenox Avenue, #211
Westfield, NJ 07023

leo@esca.legal  ●  917-397-1384 x 109

# ESCA.

motion for leave to file a sur-reply because plaintiff's reply raised "new issues material to the disposition of the question[s] before the court"); *Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its [] motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion.").

Defendants have not had the opportunity to respond to these assertions because they were raised for the first time on reply. Indeed, such evidence allegedly did not materialize until October 9, after Defendants already filed their opposition brief. More importantly, Mr. Gunn's declaration is not a mere rebuttal to Defendants' arguments in opposition. Rather, it addresses an entirely new instance of alleged confusion, which had not previously been identified, even after Plaintiff had been asked in discovery to identify *each* instance of confusion in the past five (5) years (ECF No. 50-16, at 5.) Accordingly, beyond simply not having an opportunity to respond in their opposition brief, Defendants did not even have an opportunity to explore these factual assertions in discovery.

Accordingly, in the interest of fairness and the "strong public policy [that] favors resolving disputes on the merits," *Duracell*, 2025 U.S. Dist. LEXIS 160001, at *5, Defendants contend that a sur-reply is warranted, for the limited purpose of responding to the arguments and evidence presented by the declaration of Mr. Gunn, and respectfully request that the Court accept the attached sur-reply as part of the preliminary injunction record.

Respectfully,

Leo M. Lichtman
Partner