UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>     Defendants. | Case No. 1:25-cv-05993 (DLC) |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO
<u>WILDBIRD LLC'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendants Wildride B.V. and Wildride USA Corp. (collectively, "Defendants") respectfully submit this sur-reply in further opposition to Plaintiff Wildbird LLC's ("Plaintiff") Motion for a Preliminary Injunction (the "Motion").

Like much of Plaintiff's reply, Plaintiff fabricates assertions not remotely supported by the evidence.[1] This sur-reply squarely addresses one of those conclusions, which is based on evidence disclosed for the first time in Plaintiff's reply. *See, e.g. Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, 2025 U.S. Dist. LEXIS 160001, at *5 (S.D.N.Y. Aug. 18, 2025) (permitting sur-reply to respond to "allegedly new arguments or evidence" raised in reply brief); *Ferrie v. DirecTV, LLC*, 2016 U.S. Dist. LEXIS 5081, at *3 n.1 (D. Conn. Jan. 12, 2016) ("When new evidence appears in opposition papers, the non-moving party should seek leave, or may receive the Court's sua sponte permission, to file a sur-reply to address those new issues.").

Namely, in further support of Plaintiff's Motion, Plaintiff's co-founder Nate Gunn represents that on October 9 (after Defendants submitted their opposition), a sales associate at a Nordstrom store in Mission Viejo, California mistakenly showed Plaintiff one of Defendants' WILDRIDE products, after Mr. Gunn noted that his brand, WILDBIRD, would soon be in Nordstrom brick-and-mortar stores. (ECF No. 59, ¶¶ 4-10.)

Plaintiff asserts that this is proof that Defendants' use of WILDRIDE is "continuing to cause consumer confusion," (*id.* ¶ 13), but this is not consumer confusion. Rather, it is nothing more than the innocent mistake of a sales associate, akin to a grocery store clerk directing a customer to the wrong aisle. *See, Trustees of Columbia Univ. v. Columbia/HCA Healthcare*

---

[1] In the interest of appropriately tailoring this sur-reply to only that portion of Plaintiff's reply addressing new evidence, Defendants decline to substantively address the myriad examples of Plaintiff making an assertion, and in reliance thereof, citing to "evidence" that has been unequivocally refuted. Suffice it to say, Defendants will be prepared to do so at the upcoming hearing.

1

*Corp.*, 964 F. Supp. 733, 747 (S.D.N.Y. 1997) (explaining that "isolated expressions of momentary confusion" are not evidence of actual confusion).

Plaintiff further notes that this store associate looked "visibly confused" and questioned why Defendants would have a name that is "oddly similar" to WILDBIRD (ECF No. 59, ¶ 12), apparently hoping that the purported musings of an unidentified sales associate, who may or may not even work in the baby carrier section of the store, might bypass a comprehensive *Polaroid* analysis that clearly weighs against it. But with all due respect to this associate, she is not the decision maker in this action (the Court is), does not have the benefit of a detailed evidentiary record (the Court does), and is likely not even Plaintiff's target customer,[2] so her observations about the similarity of two brand names, side-by-side, and completely divorced from an evidentiary record that demonstrates many appreciable differences in the parties' branding and brand identities, is irrelevant.

Ultimately, confusion rests on **consumer** confusion. *See, e.g., Johns v. Winners Circle Ent., Inc.*, 2025 U.S. Dist. LEXIS 13081, at *16-17 (E.D.N.Y. Jan. 24, 2025) (actual confusion favored defendants where none of the anecdotal evidence "reflects that a consumer, intending to purchase services of one party, is at risk of purchasing the services of the other"); *Riseandshine Corp. v. PepsiCo, Inc.*, 2024 U.S. App. LEXIS 32182, at *11 n.3 (2d Cir. Dec. 19, 2024) (anecdotal evidence "largely centered on the perceptions of industry professionals, does little to show likelihood of *consumer* confusion") (emphasis in original); *Giggle, Inc. v. netFocal Inc.*, 856 F. Supp. 2d 625, 636 (S.D.N.Y. 2012) (explaining, "[f]irst and foremost, the actual confusion factor assesses *consumer* confusion" and that the "confusion that matters here is confusion that

---

[2] Plaintiff provides no identifying information about this associate, except to represent that she appeared "female, and likely in her 40s." (ECF No. 59, ¶ 6.) Plaintiff's customer base, however, is unquestionably expecting mothers and mothers of newborns, which, according to Plaintiff's exploratory market report would largely be those in the age range of 22-35. (ECF No. 50-11, WILDBIRD0000175, document under seal.)

affects consumer purchases," and concluding that anecdotal evidence in which two vendors and one manufacturer inquired about the association between defendant and plaintiff is not "evidence that consumers' purchasing decisions have been affected by Defendant's use of its mark") (emphasis in original); *Biosafe-One, Inc. v. Hawks*, 524 F. Supp. 2d 452, 465 (S.D.N.Y. 2007) ("Plaintiffs' conclusory statements that consumers are confused do not prove actual confusion, and plaintiffs have cited no credible instances of actual confusion."); *Windsor, Inc. v. Intravco Travel Ctrs., Inc.*, 799 F. Supp. 1513, 1525 (S.D.N.Y. 1992) (anecdotal confusion evidence of "another supplier within the travel industry rather than of a consumer who purchases the services in question" not persuasive).

The question is whether such interactions "actively divert[ed] consumers away" from Plaintiff. *See, e.g., Reply All Corp. v. Gimlet Media, Inc.*, 2020 U.S. Dist. LEXIS 265985, at *17 (E.D.N.Y. Feb. 12, 2020) *aff'd* 843 F. App'x 392 (2d Cir. 2021) ("Misdirected social media posts and unsolicited emails praising Defendant's podcast" held little weight because they did not evidence "mistaken purchasing decisions, damage to goodwill, or loss of control of reputation"); *Trustees of Columbia Univ.*, 964 F. Supp. at 747 (anecdotal evidence of expressions of confusion, without any evidence that such evidence lead to purchasing decisions, carried little weight); *Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991) (noting that while hundreds of phone calls received by plaintiff from people attempting to reach defendant's magazine "obviously reflect some sort of confusion," it was not the type of confusion the Lanham Act was designed to protect, given that "no evidence links the confusion evinced by the calls to any potential or actual effect on consumers' purchasing decisions").

This single account by Plaintiff does not demonstrate that ***consumers*** are confused or otherwise being misled, does not evidence diversion or sales, nor does it evidence any type of

damage to Plaintiff's goodwill or loss of control of reputation. In other words, nothing about this interaction suggests that a *consumer* would have made a purchasing decision based on the mistake of an uninformed sales associate. Quite to the contrary, given the discerning, careful nature of the parties' customer bases which is not disputed (ECF No. 48, at 25), and in view of ample evidence in the record to show that *consumers*, and those marketing directly to them, clearly understand the parties to be two completely separate brands (ECF Nos. 49, ¶ 48; 49-4; ECF No. 50-22), a consumer in Mr. Gunn's position more likely would have realized the store associate's mistake far before any purchasing decisions were made.

## CONCLUSION

For the foregoing reasons and all those previously set forth in the record, Plaintiff's Motion should be denied.

Dated: October 15, 2025

                                      Respectfully submitted,

                                      */s/ Leo M. Lichtman*
                                      Leo M. Lichtman
                                      James M. Slater (admitted *pro hac vice*)
                                      ESCA Legal LLC
                                      1177 6th Avenue, 5th Floor
                                      New York, NY 10036
                                      Tel: 347-745-2535
                                      leo@esca.legal
                                      james@esca.legal

                                      *Attorneys for Defendants Wildride B.V. and Wildride USA Corp.*