# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>    *Defendants*. | Civil Action No: 1:25-cv-05993 |

**DECLARATION OF NATE GUNN IN SUPPORT OF**
**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Nate Gunn, hereby declare as follows:

1. I am a resident of the State of California; over the age of 18; and competent to make this declaration.

2. I am the co-founder of Wildbird LLC ("Wildbird"), which is the Plaintiff in this lawsuit. I previously submitted a declaration in this lawsuit in support of Wildbird's Motion for a Preliminary Injunction against Wildride B.V. and Wildride USA Corp. (together "Defendants") on July 22, 2025. I also submitted a declaration in support of Wildbird's Motion for a Temporary Restraining Order against Defendants on September 19, 2025. I submit this declaration in support of Wildbird's Reply Brief in support of its Motion for a Preliminary Injunction against Defendants.

3. I could and would testify about the matters in this declaration. The basis for my knowledge of the matter set forth in this declaration is my personal knowledge of the actual confusion described herein.

4. On October 9, 2025, at approximately 12:00 p.m. Pacific Time, my co-founder, Tayler Gunn, and I were shopping at The Shops at Mission Viejo in Mission Viejo, California.

5. We visited the Nordstrom store at The Shops at Mission Viejo to see the baby carrier section of the store where our WILDBIRD-brand products, including our WILDBIRD baby carrier, would be launching soon. Our WILDBIRD-brand products are currently advertised and sold on Nordstrom's website.

6. While looking at a wall of baby carriers, we were approached by a Nordstrom sales associate who asked if we needed any help. The associate was female, and likely in her 40s.

7. We told her we were browsing and mentioned that our brand would be launching in Nordstrom's brick-and-mortar stores in the near future.

8. She responded positively and asked what the name of our brand was. We responded: WILDBIRD.

9. Immediately, the sales associated reacted as if she recognized the name and said, "Wait, Wildbird? I feel like we already have you guys here." She then proceeded to walk to the other side of the display and pulled out a box asking, "Is this you?"

10. The box she pulled from the display was Defendants' WILDRIDE carrier.

11. We clarified that WILDRIDE is not our brand, and that our brand is WILDBIRD.

12. She was visibly confused and questioned why Defendants could be called WILDRIDE when that seemed "oddly similar" to the WILDBIRD brand.

13. Defendants' use of the WILDRIDE mark with baby and toddler carriers is continuing to cause consumer confusion.

14. Defendants' infringing WILDRIDE carrier is being sold at Nordstrom, where Wildbird has sold its WILDBIRD baby carriers online for years and where we will soon be selling WILDBIRD brand carriers in store. Not only are Defendants' products being sold in the same store, but in the same section where our WILDBIRD brand carriers will soon be available.

15. Defendants' ongoing use of the infringing WILDRIDE mark will continue to cause confusion irreparably harming the goodwill and investment we have made in our WILDBIRD mark.

Pursuant to 28 U.S.C. § 1762(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of October 2025.

*Nate Gunn*

Nate Gunn