# Exhibit 25

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WILDRIDE, B.V., *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-5993-DLC |

**DEFENDANTS' VERIFIED RESPONSES AND OBJECTIONS TO PLAINTIFF'S PRELIMINARY-INJUNCTION RELATED INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Wildride B.V., and Wildride USA Corp. ("Defendants'"), by and through undersigned counsel, respond and object to Plaintiff's Wildbird LLC ("Plaintiff") Preliminary-Injunction Related Interrogatories ("Interrogatories").

**GENERAL OBJECTIONS**

The following general objections apply to, and are incorporated by reference in, each of Defendants' responses to individual Interrogatories. Defendants' specific objections to Interrogatories are not intended to preclude, override, or withdraw any of the general objections to that Interrogatory.

1.    Defendants object to each Interrogatory to the extent it is inconsistent with or attempts to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, any applicable court order, or any other applicable law or procedure.

Exhibit
Wildbird0000014
15th Sep 2025

2.  Defendants object to each Interrogatory to the extent it seeks information that is not relevant to any claim or defense at issue in this lawsuit, or not proportional to the needs of the case.

3.  Defendants object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege or protection. Defendants hereby assert all such applicable privileges and protections, and the inadvertent disclosure of any such privileged or protected information shall not constitute a waiver and shall be addressed consistently with Federal Rule of Civil Procedure 26(b)(5)(B).

4.  Defendants object to each Interrogatory to the extent that it requires production of information not within Defendants' possession, custody, or control, or are more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatories is the same or less for Plaintiff as for Defendants.

5.  By responding to any Interrogatory, Defendants do not waive any objection, whether general or specific, to competency, materiality, relevancy, and admissibility; the right to object to the use of any of the responses in any subsequent hearings, proceedings, or trial; all objections as to vagueness, breadth, and ambiguity; and any and all rights to object on any ground to any further discovery requests.

6.  Defendants' responses are based on information in their possession, custody, or control of Defendants and presently known. Defendants reserve the right to amend or supplement

their Responses and Objections as appropriate, in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, any applicable court order, or any other applicable law or procedure.

7. Defendants object to each Interrogatory to the extent that it calls for confidential or proprietary information. Defendants' responses are hereby deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the stipulated protective order entered in this case (Doc. No. 26).

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Describe, in detail, the nature of the current and anticipated products advertised and offered for sale under Your WILDRIDE Marks in the United States.

**ANSWER:**

In addition to the General Objections, Defendants specifically object to this Interrogatory on the grounds that it is vague and ambiguous as to "under YOUR WILDRIDE Marks" and wholly overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly to the extent it seeks information regarding "anticipated" products, which is speculative, assumes facts not established, and is not reasonably limited in scope, time, or relevance. Defendants also object that this Interrogatory calls for information of public record which is equally available to Plaintiff, particularly as to currently offered products. Defendants further object to this Interrogatory to the extent that it calls for confidential or proprietary information and information which is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants' current products include a toddler carrier, children's sunglasses, a mesh beach bag, and bag attachments for the toddler carrier. Defendants refer Plaintiff to the product listings on its website at wildridecarrier.com. Defendants anticipate offering backpacks, mom bags, and diaper bags which bear the WILDRIDE Marks in the United States in the near future.

**INTERROGATORY NO. 2:**

Describe, in detail, the nature of the actual and anticipated customers of products offered under Your WILDRIDE Marks in the United States, including, without limitation, the customers' ages, genders, and geographic locations.

**ANSWER:**

In addition to the General Objections, Defendants specifically object to this Interrogatory on the grounds that it is vague and ambiguous as to "the nature of" and "under YOUR WILDRIDE Marks" and is wholly overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly to the extent it seeks information regarding "anticipated" customers and demographic information, which is speculative, assumes facts not established, is not reasonably limited in scope, time, or relevance, and is not in Defendants' possession, custody, or control. Defendants further object that the Interrogatory is vague and ambiguous as to "customers," which is subject to multiple interpretations. Defendants construe this term to refer to end-users. Defendants also object to this Interrogatory to the extent it seeks information outside of Defendants' possession, custody, or control. Furthermore, Defendants object to this Interrogatory to the extent that it calls for confidential or proprietary information and information which is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants cannot identify with certainty the nature or characteristics of its current, anticipated, or future customers, including their gender, age, or geographic location. Defendants' flagship product is a toddler carrier, designed to hold toddlers from 9 months to 4 years. Accordingly, Defendants anticipate that its customers include parents of toddlers from 9 months to 4 years. Discovery is ongoing. Defendants reserve the right to supplement this response, subject to the Stipulated Protective Order (Doc. No. 26) entered in this action, should additional responsive documents be located during the course of discovery.

**INTERROGATORY NO. 3:**

Describe, in detail, each instance in which a third party asked if You were Plaintiff; asked if You were affiliated or associated with Plaintiff; asked if they could purchase Plaintiff's products from You; complained to You about Plaintiff's products; or otherwise mentioned Plaintiff, Plaintiff's Products, or Plaintiff's WILDBIRD Marks to You, including in non-privileged communications to You or otherwise on websites or social media pages that You own or control. Your response to this Interrogatory must include the following information: (i) how You received the communication (*e.g.*, by email; in person; etc.); (ii) the content of such communication; and (iii) the contact information for the individual and/or entity who/that sent the communication to You.

**ANSWER:**

In addition to the General Objections, Defendants specifically object to this Interrogatory on the grounds that it is wholly overbroad, unduly burdensome, speculative, and disproportionate to the needs of the case, particularly to the extent it seeks information concerning any and all instances or communications in which third-parties mention Plaintiff, without limitation as to scope, time, or relevance. Defendants also object to this Interrogatory to the extent that it seeks

information which is equally available to Plaintiff or is outside of Defendants' possession, custody, or control. Furthermore, Defendants object that this Interrogatory is compound, and as such, Plaintiff has exceeded the number of permitted interrogatories pursuant to the July 30, 2025 order (ECF No. 18).

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants are not aware of any instance in which a third party asked Defendants if it was Plaintiff; asked Defendants if Defendants were affiliated or associated with Plaintiff; asked Defendants whether they could purchase Plaintiff's products from Defendants; or otherwise complained to Defendants about Plaintiff's products. Pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to Bates Nos. RIDE000378-381.

**INTERROGATORY NO. 4:**

Describe, in detail, the circumstances surrounding when and how You first learned about Plaintiff and its WILDBIRD Marks.

**ANSWER:**

In addition to the General Objections, Defendants specifically object to this Interrogatory on the grounds that it is wholly overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly to the extent it seeks an exhaustive account of all facts, documents, and individuals relating to Defendants' first awareness of Plaintiff and its WILDBIRD Marks without limitation as to time, scope, or relevance; is vague and ambiguous to the extent the terms "circumstances surrounding," "when," and "how" are subject to multiple interpretations including internal deliberations, formal investigations, or mental impressions or advice of counsel. Defendants further object to this Interrogatory to the extent that it calls for confidential or

proprietary information and information which is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants first learned about Plaintiff and its WILDBIRD Marks in or around November 2024, through Defendants' engagement with social media influencers, some of whom were aware of the WILDBIRD Marks. Notably, this was after Plaintiff had applied for the United States registration of its WILDRIDE Mark—the USPTO did not cite the WILDBIRD Marks as a potential impediment to registration.

**INTERROGATORY NO. 5:**

Describe, in detail, the date and location that You and/or someone authorized to act on Your behalf first used Your WILDRIDE Marks while physically present in the United States (*i.e.*, not on a website or other intangible medium located outside of the United States but accessible from within the United States).

**ANSWER:**

In addition to the General Objections, Defendants specifically object to this Interrogatory on the grounds that it is vague and ambiguous as to "someone authorized to act on your behalf," "physically present," and "not on a website or other intangible medium located outside of the United States but accessible from within the United States." Defendants further object to this Interrogatory to the extent it seeks information that is not relevant or proportionate to the needs of the case, particularly given that Defendants' physical location, or the physical location of those "authorized to act" on its behalf, has no bearing to any of the claims or defenses in this case. Furthermore, Defendants object to this Interrogatory to the extent that it calls for confidential or

proprietary information and information which is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants has maintained a network of brand ambassadors that are physically present in the United States since at least November 2021, starting with the distribution of a WILDRIDE-branded product to a brand ambassador located in Utah, who was authorized by Defendants to advertise and promote the WILDRIDE Mark nationally across social media platforms. Pursuant to Fed. R. Civ. P. 33(d), Defendants also refer Plaintiff to Bates Nos. RIDE000382-437.

Dated: August 29, 2025

AS TO OBJECTIONS ONLY:

*/s/ Leo M. Lichtman*

Leo M. Lichtman
ESCA Legal LLC
1177 6th Avenue, 5th Floor
New York, NY 10036
Tel.: 347-745-2535
Email: leo@esca.legal

James Slater (admitted *pro hac vice*)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tel.: 305-523-9023
Email: james@esca.legal

**Attorneys for Defendants Wildride B.V. and Wildride USA Corp**

## VERIFICATION

I, Britt Schrool, have the authority to sign this Verification on Defendants' behalf. I have read and reviewed the foregoing responses, and confirm that the responses are true and correct to the best of my knowledge, information, and belief.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on this 29th day of August, 2025.

*[signature]*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2025, a copy of the foregoing was served on Plaintiff's counsel of record via electronic mail to the following:

Jonathan W. Thomas, jonathan.thomas@gtlaw.com
Molly R. Littman-Johnson, molly.littman@gtlaw.com

Dated: August 29, 2025

By:
/s/Leo M. Lichtman
Leo M. Lichtman