IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILDBIRD LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>WILDRIDE B.V., and WILDRIDE USA CORP.,<br><br>*Defendants.* | Civil Action No: 1:25-cv-05993 |

**PLAINTIFF WILDBIRD LLC'S SYNOPSIS OF THE**
**DEPOSITION TESTIMONY OF THE 30(B)(6) DEPOSITION OF DEFENDANTS**

1

Defendants' 30(b)(6) designees[1] testified that Defendant Wildride USA Corp. has a license from Defendant Wildride B.V. to use the WILDRIDE Mark. (J. Thomas Decl., Ex. 14 at 29:9-23[2].) Defendants also testified about their alleged use of the mark from 2021-May 2025 including that from 2021 to December 2024, Defendants did not have a U.S. website and only sold a *de minimis* number of products from their Netherlands-based website which were shipped to the U.S. from the Netherlands. (*Id*. at 27:25-33:7, 60:21-64:21, 66-76.) Defendants also testified that the first sale of the infringing WILDRIDE products from a U.S.-based retailer occurred at a small, unknown retail store somewhere in Texas in late-2024; that Defendants hired a U.S.-based distributor for the first time in May 2025; and that Defendants' first sale of a WILDRIDE branded product on a third party website occurred in the U.S. in May 2025. (*Id* at 52-57:5.) Defendants further testified that they increased their U.S.-based advertising in 2025 to over a million dollars and also began utilizing paid advertising. (*Id* at 85:22-89:6.) Defendants also attended their first trade show in the U.S. in May 2025. (*Id*. at 90:6-91:15.) Defendants also testified that they have WILDRIDE-branded products on the way to the U.S. and intend to distribute them within six weeks to six months to "all the stores that want to sell it" and "all the stores who have the right customer to sell it"; however, Defendants could not identify the name of any brick-and-mortar stores that would advertise and sell WILDRIDE-branded products in the U.S. (*Id*. at 76:20-83:21.) With respect to Defendants' crowded field defense, Defendants could not identify a single third-party website that they visited to determine whether any third party was selling a baby or toddler carrier in the U.S. under a "wild"-formative mark, and the only carrier they identified as being sold under the mark "wild" was Plaintiff's WILDBIRD-brand carrier. (*Id*. at 91:16-118:10.)

---

[1] Defendants designated two witnesses Britt Schoorl and Joost Hultink who testified simultaneously.
[2] "J. Thomas Decl." refers to the October 17, 2025, Declaration of Jonathan W. Thomas, Esq. and the exhibits attached thereto. Ex. 14 is the transcript from the deposition of Defendants' 30(b)(6) designees.

Dated: October 17, 2025

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas (JT1016)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9219
Email: jonathan.thomas@gtlaw.com

Molly R. Littman-Johnson (*pro hac vice*)
90 South 7th St., Suite 3500
Minneapolis, Minnesota 55402
Tel: (612) 259-9669
Fax: (612) 259-9700
Email: Molly.Littman@gtlaw.com

*Attorneys for Plaintiff Wildbird LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 17, 2025, I served a true and correct copy of the foregoing document on the following counsel of record for Defendants via ECF and electronic mail:

Leo M. Lichtman
James M. Slater
ESCA LEGAL
Leo@esca.legal
James@esca.legal
1177 6th Avenue, 5th Floor
New York, New York 10036

                                              */s/ Jonathan W. Thomas*
                                              Jonathan W. Thomas

                                              *Attorney for Plaintiff*