**GT | GreenbergTraurig**

Jonathan W. Thomas
Shareholder
Tel:  212.801.9219
Fax: 212.801-6400
Jonathan.Thomas@gtlaw.com

October 20, 2025

VIA ECF

The Honorable Denise Cote
United States District Judge, S.D.N.Y.
500 Pearl Street
Courtroom 18B
New York, New York 10007

   re:  *Wildbird LLC v. Wildride B.V., et al.*, Case No. 1:25-cv-5993 (DC)(SN)
     Plaintiff's Opposition to Defendants' Proposed Sur-Reply

Dear Judge Cote,

  We represent Plaintiff Wildbird LLC ("Plaintiff") in the above-referenced civil action. Pursuant to Rules 1.A and 4.J of Your Honor's Individual Practices in Civil Cases (eff. 12/19/24), this letter responds to the October 15, 2025, letter motion (Dkt. 64; "Motion") filed by Defendants Wildride B.V. and Wildride USA Corp. ("Defendants").  The Motion seeks leave for Defendants to file a sur-reply (Dkt. 64-1; "Proposed Sur-Reply") to Plaintiff's reply in further support of its preliminary-injunction motion.  *See* Dkt. 57 ("Plaintiff's Reply Brief").  Plaintiff respectfully requests that the Court deny Defendants' Motion because: (i) the Motion is procedurally improper; (ii) the Proposed Sur-Reply repeats legal arguments that Defendants previously submitted to this Court twice; and (iii) Defendants can cross-examine Plaintiff's witness about the instance of confusion at issue during the October 30, 2025, hearing on Plaintiff's motion.

  To prevail on the Motion, Defendants must establish that the Court should view Defendants' Proposed Sur-Reply "as the exception […] [to] the rule" that sur-replies generally are not permitted.  *Diallo v. New York City*, 2025 WL 522514, at *5 (S.D.N.Y. Feb. 18, 2025) (striking sur-reply); *see also SEC v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) ("Courts in this circuit grant leave to file sur-replies sparingly").  Defendants fail to make this showing.

  In the first instance, this Court should deny Defendants' Motion because they attached the Proposed Sur-Reply to it, which is procedurally improper. *See* Dkt. 64 (Motion); *see also* Dkt. 64-1 (Proposed Sur-Reply).  Indeed, "the party seeking to submit reply papers should submit an informal request in writing … [in advance of filing its sur-reply,] to avoid placing the sur-reply before the court, [and] thereby reducing the question of whether the [sur-reply] should be accepted for filing to relative unimportance." *SEC*, 2022 WL 2784871, at *2 ("Relief Defendants failed to bring their case within the narrow confines of the rule allowing sur-replies. [] Relief Defendants' sur-reply is procedurally improper because it was filed alongside the request to submit it").

1

Moreover, a review of the parties' briefing on Plaintiff's preliminary-injunction motion ("PI Motion") confirms that Defendants' Proposed Sur-Reply is superfluous of arguments about actual confusion that Defendants previously submitted to this Court—twice.

Plaintiff's July 22, 2025, Complaint and memorandum of law in support of its PI Motion discussed and showed actual confusion between its WILDBIRD brand and Defendants' WILDRIDE brand in the United States. *See* Dkt. 15, ¶¶ 51-54; *see also* Dkt. 9 at pgs. 8-9, 19-20 ("Plaintiff's Opening Brief"). Defendants' October 3, 2025, opposition to Plaintiff's PI Motion argued that Plaintiff's evidence of actual confusion allegedly is unreliable and *de minimis*. *See* Dkt. 48 at 18-23 ("Defendants' Opposition"). Plaintiff's Reply Brief was due on October 10, 2025. *See* Dkt. 32. On October 9, 2025, Plaintiff experienced yet another instance of confusion between its WILDBIRD brand and Defendants' WILDRIDE brand, which has been occurring at an increasing rate since the filing of this lawsuit and Plaintiff's PI Motion and reinforces (together with other facts presented in support of Plaintiff's PI Motion) the need to preliminarily enjoin the use of Defendants' WILDRIDE mark in the United States—especially given Defendants' stated intention of *further* expanding the use of their mark in the United States. *See* Dkt. 59, ¶¶ 4-12; *see also* Plaintiff's Proposed Findings of Fact and Conclusions of Law at Dkt. 73, ¶¶ 76-85 (Plaintiff discussing instances of confusion of which it is aware and Defendants' expansion plans).

In support of Plaintiff's Reply Brief, Plaintiff's co-founder, Nate Gunn, submitted a declaration that detailed the latest instance of confusion that occurred only the day before with a Sales Associate at a Nordstrom location in Mission Viejo, California. *See* Dkt. 59, ¶¶ 4-12 ("Gunn Decl."). Defendants' Proposed Sur-Reply to Plaintiff's Reply Brief repeats legal arguments about actual confusion that Defendants previously made in their Opposition (at pgs. 18-23) and October 17, 2025, Proposed Findings of Fact and Conclusions of Law. *See* Dkt. 79 at pgs. 26-30 (Defendants making the same arguments about actual confusion they made in their Opposition) *compare with* Defendants' Proposed Sur-Reply at pgs. 2-4 (Defendants making the same arguments about actual confusion) *but see SEC*, 2022 WL 2784871, at *2 (striking sur-reply where, as here, "overlooking the rule that repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided, Relief Defendants dedicated much of their sur-reply to restating arguments they had already raised") (internal citations and quotations omitted) and *Convergen Energy LLC v. Brooks*, 2020 WL 4500184, at *3 n.2 (S.D.N.Y. Aug. 5, 2020) (denying motion for leave to file sur-reply where, as here, the proposed sur-reply, *inter alia*, "repeats many of the same arguments already present in Defendants' opposition brief").

Defendants' Proposed Sur-Reply also would not cure the alleged prejudice that it purports to cure. In the Motion, Defendants state they did "not ha[ve] an opportunity to respond in their opposition brief [and] Defendants did not even have an opportunity to explore these factual assertions in discovery" (Motion at p. 2) concerning the instance of confusion detailed in the Gunn. Decl. But Defendants' Proposed Findings of Fact and Conclusions of Law addresses the instance of confusion discussed in the Gunn Decl. *See* Dkt. 79 at p. 30. Defendants also can "explore the[] factual assertions" in the Gunn Decl. before this Court decides Plaintiff's PI Motion by cross-examining Mr. Gunn at the October 30, 2025, hearing on the PI Motion.

In short, Defendants' Proposed Sur-Reply would provide this Court with the same legal arguments about actual confusion that Defendants previously submitted to this Court—twice. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' Motion.

Respectfully submitted,

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas

cc: All counsel of record (*via ECF*)