# ESCA.

Office Address
Americas Tower
1176 6th Avenue, 5th Floor
New York, NY 10036

Mailing Address
208 Lenox Avenue, #211
Westfield, NJ 07023

leo@esca.legal • 917-397-1384 x 109

October 17, 2025

VIA ECF

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Granted.

/s/ Denise Cote
10/20/25

RE:   *Wildbird LLC v. Wildride B.V. et al.*, No. 1:25-cv-05993 (DLC)

Dear Judge Cote:

We represent Defendants Wildride B.V. and Wildride USA Corp. (collectively, "Defendants") in the above-referenced matter. As the Court is aware, Defendants' proposed findings of fact and conclusions of law is due today. (ECF No. 32.) Pursuant to Section 8.B. of Your Honor's Individual Practices in Civil Cases, Defendants respectfully seek leave to (i) redact certain portions of their proposed findings of fact and conclusions of law, with the unredacted versions being filed under seal; and (ii) file excerpts of deposition testimony to be offered as substantive evidence under seal. In accordance with Section 8.B., Defendants are filing their complete, redacted proposed findings of fact and conclusions of law publicly and filing the unredacted papers with proposed redactions highlighted, along with the deposition excerpts electronically under seal.

The Stipulated Protective Order entered by this Court on August 6, 2025 governs the management of information and documents produced in this action that is designated "Confidential" or "Highly Confidential – Attorney's Eyes Only." (ECF No. 26). In accordance therewith, both parties produced confidential information, much of which contains the "Attorney's Eyes Only" designation. Such information is private, highly sensitive, and proprietary business information. It includes, without limitation, sales figures, marketing research, business strategies, and anticipated market expansion, which the parties wish to protect. Indeed, public disclosure of this information would reasonably impact the parties' respective competitive advantages in the marketplace.

"The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y.

2015), *on reconsideration in part*, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (exhibits consisting largely of "highly confidential sales information, including pricing information" which was not publicly available weighed in favor of sealing).

Here, Defendants seek leave only to modestly redact, and thereby seal the confidentially designated proprietary and confidential business information which is not already publicly available, and the disclosure of which could harm the parties' respective businesses. The confidentiality of these matters outweighs the public's interest in their disclosure. Specifically, Defendants reference excerpts of Plaintiff's deposition testimony and confidential and proprietary records in their proposed findings of fact and conclusions of law. These same highlighted areas in the findings of fact and conclusions of law were sealed in connection with Defendants' opposition memorandum of law. (*See* ECF No. 54). Further, per the Court's Scheduling Order, Defendants are filing excerpts of Plaintiff's deposition transcript, which were designated confidential and which contain matters Plaintiff contends reveal proprietary and confidential information. Defendants have already filed almost identical transcripts under seal (*see* ECF Nos. 50-6 & 54) and request the same treatment here.

Accordingly, Defendants respectfully request that Your Honor grant this motion and permit them to maintain the redactions in the proposed findings of fact and conclusions of law and allow those papers and Plaintiff's deposition transcripts to remain under seal.

Respectfully,

James M. Slater
Of Counsel